# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE EVOQUA WATER TECHNOLOGIES CORP. DERIVIATIVE LITIGATION | Civil Action No. 19-410<br>Magistrate Judge Maureen P. Kelly |

## ORDER REGARDING NOTICE AND PROCEDURES
## FOR PROPOSED SETTLEMENT

The plaintiffs in this consolidated derivative litigation (the "Consolidated Action"), Dallas Torgersen and Robert Hyams (together, "Plaintiffs"), who purport to sue on behalf of Evoqua Water Technologies Corp. ("Evoqua" or the "Company"), together with additional purported Evoqua shareholder Mike Merkwan ("Merkwan"), who made a litigation demand on Evoqua's Board of Directors, have reached an agreement with the Defendants (defined below), subject to Court approval pursuant to Rule 23.1 of the Federal Rules of Civil Procedure (the "Federal Rules"), to settle this action. They have entered into a Stipulation and Agreement of Settlement dated July 28, 2021 (the "Stipulation") with: (a) defendants Ronald C. Keating, Benedict J. Stas, Martin Lamb, Judd A. Gregg, Harbhajan Bhambri, Gary A. Cappeline, Brian Hoesterey, Vinay Kumar, and Peter M. Wilver (collectively, the "Individual Defendants"); (b) defendants AEA Investors LP ("AEA"), AEA EWT Holdings LP, AEA EWT Holdings GP LLC, AEA Investors Fund V LP, AEA Investors Participant Fund V LP, AEA Investors QP Participant Fund V LP, AEA Investors Fund V-A LP, AEA Investors Fund V-B LP, AEA Investors PF V LLC, AEA Investors Partners V LP, and AEA Management (Cayman) Ltd. (collectively, the "AEA Defendants"); and (c) nominal defendant Evoqua (together with the Individual Defendants and the AEA Defendants, the "Defendants") that sets forth the terms and conditions for the

proposed settlement (the "Settlement") and contemplates the implementation of various enhanced corporate governance procedures at Evoqua in return for the dismissal with prejudice of this action.

Plaintiffs have made an application, pursuant to Rule 23.1 of the Federal Rules, for an order providing for notice of the proposed settlement to be provided to Current Evoqua Shareholders and for a hearing to be set at which the Court will consider whether to approve the Settlement in accordance with the Stipulation.

Having reviewed Plaintiffs' motion and the papers filed and arguments made in connection with it, and having reviewed the Stipulation and its attached Exhibits, the Court makes the following ORDER:

1. **Definitions**: Unless otherwise defined herein, the capitalized terms used in this Order shall have the same meanings as they have in the Stipulation.

2. **Preliminary Approval of the Settlement**: The Court preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to Evoqua and its stockholders, subject to further consideration at the Settlement Hearing to be conducted as described below.

3. **Settlement Hearing**: A hearing (the "Settlement Hearing") shall be held before this Court on **November 2, 2021 at 1:30 p.m.** by video-conference for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, and adequate to the Company and its stockholders, and should be finally approved by the Court; (b) to determine whether the Court should enter a Final Order and Judgment substantially in the form attached as Exhibit D to the Stipulation, dismissing this case with prejudice and extinguishing and releasing the Release Claims; (c) to determine whether Plaintiffs' Counsel's application for attorneys' fees and expenses

(as set forth in Paragraph 15 of the Stipulation) (the "Application") and Plaintiff Service Awards (as set forth in Paragraph 20 of the Stipulation) should be approved; (d) to hear and consider any objections to the proposed Settlement, the Application, and/or Plaintiff Service Awards; and (e) to rule on other such matters as the Court may deem appropriate.

4. The Court reserves the right to adjourn the date of the Settlement Hearing and to modify any other dates set forth in this Order without further notice to Current Evoqua Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may decide to hold the Settlement Hearing by telephone or video-conference without further notice to Current Evoqua Shareholders. Any current Evoqua Shareholder (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or Evoqua's corporate website for any changes in the date, time, or format of the hearing.

5. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Evoqua Shareholders.

6. **Approval of Form and Content of Notice**: The Court: (a) approves, as to form and content, the Notice of Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Notice"), attached to the Stipulation as Exhibit C; and (b) finds that the disclosure of the terms of the Settlement contained in the Notice and the distribution of the Notice in the manner and form set forth in this Order meets the requirements of Rule 23.1 of the Federal Rules, the United States Constitution, and any other applicable law, and shall constitute reasonable and sufficient notice to all Persons entitled to notice.

7. **Manner of Giving Notice**: No later than **September 2, 2021**, notice of the Settlement shall be given in the following manner: (a) posting of this Order, the Notice, and the

Stipulation (including its exhibits) on the investor relations section of Evoqua's corporate website, which will be maintained through the date of the Settlement Hearing; (b) issuance by Evoqua of a press release linking to the Notice on a nationally recognized newswire (e.g., PR Newswire, BusinessWire); and (c) disclosure of the terms of the Settlement by Evoqua through the filing of a Form 8-K with the SEC, which filing shall include a copy of the Notice and shall provide a link to the investor relations page on Evoqua's corporate website where the Notice and the Stipulation may be viewed. By **October 22, 2021**, counsel for Evoqua shall file with the Court appropriate proof of compliance with the Notice procedures set forth in this Order.

8. **Appearance and Objections at Settlement Hearing**: Any Current Evoqua Shareholder may file a written objection to the Settlement or Application (including Plaintiff Service Awards), and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the Application, and/or Plaintiff Service Awards should not be approved. However, unless otherwise directed by the Court for good cause shown, no Person shall be heard or entitled to the approval of terms and conditions of the proposed Settlement unless that Person has filed a written objection with the Clerk of Court and served (by hand, first class mail, or overnight delivery service) copies of such objection on Plaintiffs' Counsel and Defendants' counsel at the addresses set forth below, with a copy emailed to each of the counsel at the email addresses set forth below, no later than **October 12, 2021**.

| Plaintiffs' Counsel | Defendants' Counsel |
|---|---|
| The Brown Law Firm, P.C.<br>Attn: Timothy Brown<br>767 Third Avenue, Suite 2501<br>New York, New York, 10017<br>Telephone: (516) 922-5427<br>tbrown@thebrownlawfirm.com | Fried, Frank, Harris, Shriver & Jacobson LLP<br>Attn: Peter L. Simmons<br>One New York Plaza<br>New York, New York 10004<br>Telephone: (212) 859-8000<br>peter.simmons@friedfrank.com |

The Rosen Law Firm, P.A.
Attn: Phillip Kim
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
pkim@rosenlegal.com

Bragar Eagel & Squire, P.C.
Attn: W. Scott Holleman
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (646) 860-9449
holleman@bespc.com

Paul, Weiss, Rifkind, Wharton &Garrison LLP
Attn: Audra J. Soloway
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
asoloway@paulweiss.com

9.      Any objections, filings, and other submissions: (a) must identify the case name and docket number, *In re Evoqua Water Technologies Corp. Derivative Litigation*, Case No. 2:19-cv-00410-MPK (W.D. Pa.); (b) must state the name, address, and telephone number of the objector or, if represented by counsel, the name of the objector and the name, address, and telephone number of his, her, or its counsel; (c) must be signed by the objector or his, her or its counsel appearing on the objector's behalf; (d) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (e) must include documentation sufficient to prove that the objector owned shares of Evoqua common stock as of July 28, 2021 and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing. Documentation establishing ownership of Evoqua common stock may consist, for example, of copies of monthly brokerage account statements (but with account numbers, home address and unrelated stock holdings redacted, consistent with Local Civil Rule

5.2(D)), or an authorized statement from the objector's broker or investment advisor attesting to the objector's beneficial ownership of Evoqua stock and containing information similar to that found in an account statement.

10. Unless the Court orders otherwise, any Person who or which does not make his, her, or its objection in the manner provided herein shall: (a) be deemed to have forever waived his, her, or its right to object to any aspect of the proposed Settlement and the Application (including Plaintiff Service Awards); (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement or Application (including Plaintiff Service Awards); and (c) be deemed to have waived and forever be barred and foreclosed from being heard in this or any other proceeding with respect to any matters concerning the Settlement or Application (including Plaintiff Service Awards).

11. All Current Evoqua Shareholders and other Persons owning shares of Evoqua common stock as of the date of the Settlement Hearing shall be bound by all determinations and judgments in the Consolidated Action concerning the Settlement, the Application (including Plaintiff Service Awards), whether favorable or unfavorable to stockholders. If the Court approves the Settlement, all Current Evoqua Shareholders and other Persons owning shares of Evoqua common stock as of the date of the Settlement Hearing will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Stipulation, and by any judgment or determination of the Court affecting Current Evoqua Shareholders.

12. **Stay and Temporary Injunction**: Until otherwise ordered by the Court, the Court stays all proceedings in the Consolidated Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, Merkwan, and all other

Current Evoqua Shareholders from commencing, instituting, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons in any forum.

13. **No Admissions**: Neither this Order nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession, or admission by: (a) any of the Defendants or any of the other Released Defendant Persons as to the validity of the claims, causes of action, or other issues raised, or which might be or have been raised, in the Consolidated Action or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiffs or Merkwan or any of the other Released Plaintiff Persons as to the infirmity of any claim or the validity of any defense, or to the amount of any damages. The existence of the Stipulation, its contents, or any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any Person for any purpose in the Consolidated Action or otherwise, except as may be necessary to effectuate the Settlement. This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever. Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court in any other action that has been or may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, good-faith settlement, judgment bar or reduction, or any other theory of claim prelusion or similar defense or counterclaim.

14. **Fees and Expenses Payment**: The Fees and Expenses Award, plus any and all interest earned on that amount while on deposit in Plaintiffs' Counsel's Escrow Account, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of the Escrow Account shall be disbursed

pursuant to the Stipulation and/or further order(s) of the Court.

15. **Termination of the Settlement**: If the Settlement is terminated pursuant to Paragraph 13 of the Stipulation, then (a) this Order shall be rendered null and void and of no force and effect, to the extent provided by and in accordance with the Stipulation, and shall be vacated and, in such event, all orders entered and releases delivered in connection with this Order shall be cancelled and shall be null and void and of no force and effect to the extent provided by and in accordance with the Stipulation; and (b) the Parties shall be restored to their respective positions in the Consolidated Action immediately prior to the execution of the Stipulation.

16. **Supporting Papers**: Plaintiffs shall file and serve their motion for final approval of the Settlement and the Application (including Plaintiff Service Awards) no later than **September 28, 2021.** Reply papers in response to any objections (if any) and/or in support of the Settlement and the Application shall be filed and served no later than **October 26, 2021.**

17. **Retention of Jurisdiction**: The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

IT IS SO ORDERED.

**DATED: August 23, 2021**              BY THE COURT,

                                        _____
                                        MAUREEN P. KELLY
                                        UNITED STATES MAGISTRATE JUDGE