UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE EVOQUA WATER TECHNOLOGIES CORP. DERIVATIVE LITIGATION | Case No. 2:19-cv-00410-MPK |

## <u>FINAL ORDER AND JUDGMENT</u>

This matter came before the Court for hearing pursuant to an Order of the Court, dated August 23, 2021 [ECF No. 36] (the "Preliminary Approval Order") for final approval of the proposed settlement (the "Settlement") set forth in the Stipulation and Agreement of Settlement, dated July 28, 2021 (the "Stipulation"). The Court has considered all papers filed and evidence offered in support of the proposed Settlement, the attorneys for the Parties have been heard, and an opportunity to be heard was provided to all other persons requesting to be heard in accordance with the Preliminary Approval Order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definitions**: Unless otherwise defined in this Final Order and Judgment, the capitalized terms used in this Final Order and Judgment shall have the same meanings set forth in the Stipulation.

2. **Jurisdiction**: For purposes of effectuating the Settlement, the Court has jurisdiction over the subject matter of this Consolidated Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties, including all Evoqua stockholders.

3. **Derivative Action Properly Maintained**: Based on the record in the Consolidated Action, the Court finds that each of the provisions of Rule 23.1 of the Federal Rules of Civil Procedure (the "Federal Rules") has been satisfied and that the Consolidated Action has been

properly maintained according to Rule 23.1 of the Federal Rules. The Court finds that Plaintiffs and Plaintiffs' Counsel have adequately represented the interests of Evoqua and its stockholders both in terms of litigating the Consolidated Action and for purposes of entering into and implementing the Settlement.

4.    **Notice**:  The Court finds that the dissemination of the Notice:  (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Current Evoqua Shareholders of: (i) the pendency of the Consolidated Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) the application of Plaintiffs' Counsel for an award of attorneys' fees and litigation expenses (as set forth in Paragraph 15 of the Stipulation) (the "Application") and Plaintiff Service Awards; (iv) their right to object to the Settlement and/or the Application (including Plaintiff Service Awards); and (v) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23.1 of the Federal Rules, the United States Constitution, and all other applicable law and rules.

5.    **Final Settlement Approval and Dismissal of Claims**: Pursuant to Rule 23.1 of the Federal Rules, the Court fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the Settlement consideration; the Releases; and the dismissal with prejudice of the Consolidated Action and resolution of the Demand), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to Plaintiffs, Merkwan, Evoqua, and Current Evoqua Shareholders. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, Merkwan, Defendants, and Current Evoqua Shareholders.  Accordingly, the Settlement is approved in all

respects. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.      The Consolidated Action and all of the claims asserted against the Defendants in the Consolidated Action by Plaintiffs are hereby dismissed with prejudice. The Parties shall bear their own fees, costs, and expenses, except as expressly provided in the Stipulation or in this Final Order and Judgment or otherwise agreed.

7.      **Binding Effect**:  The terms of the Stipulation and of this Final Order and Judgment shall be forever binding on Defendants, Plaintiffs, Merkwan, and all other Current Evoqua Shareholders, as well as their respective agents, executors, administrators, heirs, successors, affiliates, and assigns.

8.      **Release of the Released Defendant Persons**:  Upon the Effective Date:

(a)      Plaintiffs, Merkwan, and Evoqua shall, and each Current Evoqua Shareholder shall be deemed to have by operation of law and this Final Order and Judgment to, fully, finally, and forever release, relinquish and discharge each and all of the Defendants and all of their past, present, or future family members, spouses, domestic partners, parents, associates, affiliates, subsidiaries, officers, directors, stockholders, owners, members, representatives, employees, attorneys, financial or investment advisors, consultants, underwriters, investment banks or bankers, commercial bankers, insurers, reinsurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, or any other person or entity acting or purporting to act for or on behalf of any Defendant, and each of their respective predecessors, successors, and assigns (collectively, the "Released Defendant Persons"), and covenant not to sue any Released Defendant Person, in each

instance with respect to all claims or causes of action (including Unknown Claims, as defined in the Stipulation) against any of the Released Defendant Persons that (i) were asserted or could have been asserted derivatively in the Derivative Action or the Demand; (ii) would have been barred by *res judicata* had the Derivative Action been fully litigated to final judgment; (iii) that have been, could have been, or could in the future be, asserted derivatively in any forum or proceeding or otherwise against any of the Released Defendant Persons that concern, are based upon, involve, or arise out of or relate to any of the subject matters, allegations, transactions, facts, events, occurrences, disclosures, representations, statements, omissions alleged, acts, failures to act, alleged mismanagement, misconduct, concealment, alleged misrepresentations, alleged violations of local, state or federal law, sale of stock, or other matters involved, set forth, or referred to, or could have been alleged in or encompassed by, the complaints in the Derivative Action or the Demand; or (iv) arise out of, relate to, or concern the defense, settlement, or resolution of the Derivative Action, the Demand or the Released Claims (collectively, the "Released Plaintiffs' Claims"). Released Plaintiffs' Claims shall not include (i) claims to enforce the terms of the Stipulation and/or this Final Order and Judgment, (ii) exclusively direct claims (*i.e.*, as opposed to derivative claims) absent Evoqua shareholders may have in an individual capacity against Defendants, or (iii) the direct claims made in the Securities Class Action.

(b)   Plaintiffs, Merkwan, and Evoqua shall, and each Current Evoqua Shareholder shall be deemed to have by operation of law and this Final Order and Judgment forever be barred and enjoined from instituting, commencing, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons except to enforce the releases and other terms and conditions contained in the Stipulation and/or this Final Order and Judgment. In addition, Plaintiffs and Merkwan agree not to initiate, prosecute, assist in, or facilitate the

4

prosecution of any other claims arising out of the facts giving rise to the Consolidated Action or the Demand.

9.     **Release of the Released Plaintiff Persons**:  Upon the Effective Date:

(a)     Defendants shall fully, finally, and forever release, relinquish and discharge each and all of Plaintiffs, Merkwan, Plaintiffs' Counsel, and each and all of their past, present, or future family members, spouses, domestic partners, parents, associates, affiliates, subsidiaries, officers, directors, stockholders, owners, members, representatives, employees, attorneys, financial or investment advisors, consultants, underwriters, investment banks or bankers, commercial bankers, insurers, reinsurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, or any other person or entity acting or purporting to act for or on behalf of any Plaintiff, Merkwan or any counsel for any Plaintiff or Merkwan, and each of their respective predecessors, successors, and assigns, and all Current Evoqua Shareholders (solely in their capacity as Evoqua shareholders) (collectively, the "Released Plaintiff Persons"), and covenant not to sue any Released Plaintiff Person, in each case with respect to any and all claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, defenses, counterclaims, offsets, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined in the Stipulation), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or

resolution of the Consolidated Action, the Demand or the Plaintiffs' Released Claims (collectively, the "Released Defendants' Claims"). Released Defendants Claims' shall not include the right to enforce the terms of the Stipulation, the Settlement, and/or this Final Order and Judgment.

(b)     Defendants shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Defendants' Claims against the Released Plaintiff Persons except to enforce the releases and other terms and conditions in the Stipulation and/or this Final Order and Judgment.

10.     **Award of Attorneys' Fees and Expenses**:  Plaintiffs' Counsel are hereby awarded attorneys' fees and litigation expenses in an aggregate amount of $610,000.00 (the "Fees and Expenses Award"), which sum the Court finds to be fair and reasonable. Plaintiffs Dallas Torgersen and Robert Hyams and Merkwan are each awarded a service award of $2,000.00, to be paid out of the Fees and Expenses Award, which sum the Court finds to be fair and reasonable.

11.     No proceedings or court order with respect to the Fees and Expenses Award shall in any way disturb or affect this Final Order and Judgment (including precluding this Final Order and Judgment from being Final or otherwise being entitled to preclusive effect), and any such proceedings or court order shall be considered separate from this Final Order and Judgment and to that extent, this Final Order and Judgment may be treated as final under Rule 54(b) of the Federal Rules.

12.     **Rule 11 Findings**: The Court finds that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules in connection with the institution, prosecution, defense, assertion, and settlement of the Consolidated Action and the Demand.

13.   **No Admissions**: Neither this Final Order and Judgment, the Stipulation, nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession, or admission by: (a) any of the Defendants or any of the other Released Defendant Persons as to the validity of any claims, causes of action, or other issues raised, or which might be or have been raised, in the Consolidated Action or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiffs or Merkwan or any of the other Released Plaintiff Persons as to the infirmity of any claim or the validity of any defense, or to the amount of any damages. The existence of the Stipulation, its contents, or any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any Person for any purpose in the Consolidated Action or otherwise, except as may be necessary to effectuate the Settlement. This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever. Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto in any other action that has been or may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.   **Termination of Settlement**: If the Settlement is terminated pursuant to Paragraph 13 of the Stipulation, then: (a) this Final Order and Judgment shall be vacated and shall become null and void and of no further force and effect, except as otherwise provided by the Stipulation, and this Final Order and Judgment shall be without prejudice to the rights of Plaintiffs, Merkwan, all other Evoqua stockholders, and Defendants; (b) the Stipulation and the Settlement (including

7

the Releases given pursuant to the terms of the Stipulation) shall be cancelled and shall become null and void and of no force and effect, except as specifically provided in the Stipulation; and (c) the Parties shall be restored to their respective positions in the Consolidated Action immediately prior to the execution of the Stipulation.

15.     **Modification of the Stipulation**: Without further approval from the Court, Plaintiffs, Merkwan, and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any attached exhibits to effectuate the Settlement that: (a) are not materially inconsistent with this Final Order and Judgment; and (b) do not materially limit the rights of the Parties or Current Evoqua Shareholders in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Retention of Jurisdiction**: Without affecting the finality of this Final Order and Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties and all Current Evoqua Shareholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement.

17.     **Entry of Final Judgment**: There is no just reason to delay the entry of this Final Order and Judgment as a final judgment in the Consolidated Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in the Consolidated Action.

        IT IS SO ORDERED.

DATED:     11/02/2021


                                    */s/ Maureen P. Kelly*
                                    THE HONORABLE MAUREEN P. KELLY
                                    UNITED STATES MAGISTRATE JUDGE

8